

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| LESLIE MORRISEY, § | |
|               Plaintiff, § | |
| vs. § | |
| § | |
| THE BURLINGTON INSURANCE § | |
| COMPANY, § | |
|               Defendant/Third-Party Plaintiff, § | |
| § | |
| ELIZABETH EDWARDS, *doing business as* § | Civil Action No. 1:21-01629-MGL |
| Edwards Bar B Que; J & E STOP N GO, LLC, § | |
| *doing business as* J & E Stop N Go, § | |
| *doing business as* Ms. G – Red Dot; § | |
| KENYARDA EDWARDS; DETRIUS § | |
| EDWARDS; ELEANOR G. § | |
| JONES-EDWARDS; and EDWARDS § | |
| BAR B QUE, § | |
|               Third-Party Defendants. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

**I.     INTRODUCTION**

Plaintiff Leslie Morrisey (Morrisey) filed this negligence and/or bad faith action against Defendant The Burlington Insurance Company (Burlington) in the Allendale County Court of Common Pleas. Burlington subsequently removed the matter to this Court in accordance with 28 U.S.C. § 1332(a)(1).

Pending before the Court is Morrisey's motion to remand. Having carefully considered the motion, the response, the reply, the responses to the Court's orders to show cause, the record, and the applicable law, it is the judgment of the Court Morrisey's motion will be granted.

II.     **FACTUAL AND PROCEDURAL HISTORY**

According to Morrisey, "[o]n or about January 4, 2020, [she] was injured by accident in a poorly lit and designed parking lot at a place of business in Allendale County, South Carolina." Compl. ¶ 4. "The premises [where Morrisey was injured] are covered by three policies of insurance issued by [Burlington] to the landlords of the premises, as well as three tenants of the [premises]." *Id.* "Each [of the three Burlington policies] provides [no-fault] medical payments insurance coverage for persons injured on the premises." *Id.* "The limits of the [no-fault medical payments insurance coverage] for each policy [is] $5,000." *Id.*

Morrisey avers she "is a third-party beneficiary under the terms of the [three no-fault Burlington policies]." *Id.* ¶ 5. According to Morrisey, she "forwarded her medical bills to an agent of [Burlington] and made a claim for the coverage limits [under Coverage C – Medical Payments of the policies] . . . , [as] her medical bills resulting from her injury at the premises exceed $15,000." *Id.* ¶ 6.

Burlington refused "to pay the benefits to [Morrisey under the no-fault medical payments insurance coverage] and assert[ed] the loss is not covered under its policies." *Id.* ¶ 7. Morrisey then filed the instant action in state court against Burlington seeking $15,000 in medical payments, as well as "incidental and consequential damages [and] actual damages in the form of emotional distress." *Id.* ¶ 9.

Morrisey maintains Burlington's "failure to pay benefits is due to its reckless, grossly negligent, and negligent conduct[.]" *Id.* ¶ 8. Morrissey stipulated "she does not seek damages, including attorney fees and costs, in excess of $75,000.00 in this action and will not amend this

[c]omplaint to seek damages, attorney fees[,] and costs in this case in an amount greater than $74,999.00." *Id.* at 4.

Prior to filing this action, Morrisey filed a separate state-court negligence lawsuit against the owners and tenants of the premises where she sustained injuries on or around January 4, 2020. *See Leslie Morrisey v. J & E Stop-N-Go, LLC et al.*, Case No. 2021-CP-03-00005 (Allendale Comm. P.). That action remains pending in state court. *Id.*

As noted above, Burlington removed Morrisey's complaint for her medical expenses to this Court pursuant to 28 U.S.C. § 1332(a)(1). After removal, Burlington answered Morrisey's complaint and asserted a counterclaim and-third party complaint for declaratory judgment against Morrisey and the defendants in the underlying state-court negligence action, who are the above-listed Third-Party Defendants (the Third-Party Defendants). In Burlington's declaratory judgment claim, it seeks an order from the Court no coverage exists under the three insurance policies.

Morrisey filed a motion to remand, Burlington responded, Morrisey replied, and both parties responded to several show cause orders from the Court. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.   STANDARD OF REVIEW

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a).

"Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.*

### IV.     DISCUSSION AND ANALYSIS

Morrisey avers, among other things, the Court must remand this matter because "both at the commencement of the case *and* at the time of removal, [her] [c]omplaint against [Burlington] was below the $75,000 amount in controversy." Mot. at 6. Thus, according to Morrisey, the "Court does not have subject matter jurisdiction to hear this matter, and remand is proper." *Id.* at 1.

Burlington, in response, posits the amount in controversy exceeds $75,000, as a finding for Morrisey in this action, regardless of the dollar amount, will mean she is entitled to payments in the underlying lawsuit, which are worth, according to Morrisey, approximately one million dollars. Thus, according to Burlington, this fact means this lawsuit is worth approximately a million dollars as well, much greater than the $75,000.01 required to create subject matter jurisdiction between the diverse parties.

Here, quite simply, the amount in controversy in this case fails to exceed $75,000, *see* Compl. at 5 (noting Morrisey fails to "seek damages, including attorney fees and costs, in excess of $75,000.00 in this action"), and the Court lacks subject matter jurisdiction. Burlington's

concern as to how the Court's decision in this case might would affect a separate case in state court is irrelevant to the Court's application of 28 U.S.C. § 1332(a)(1).

As such, Burlington has failed to meet its "burden of establishing federal jurisdiction[,]" *Mulcahey*, 29 F.3d at 151.  Accordingly, the Court will grant Morrisey's motion and remand the matter to the Allendale County Court of Common Pleas.  Because this issue is dispositive, the Court need not address the parties' other arguments.

Lastly, Burlington asks the Court, if it remands the complaint to the Allendale County Court of Common Pleas, to retain jurisdiction over its counterclaim and third-party claim for declaratory judgment.  Inasmuch as removal to this Court was improper in the first instance, this request will be denied, and the entire matter will be remanded to the Allendale County Court of Common Pleas.  Thus, this entire case is remanded.

V.     **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Morrisey's motion to remand is **GRANTED** and this matter is **REMANDED** to the Allendale County Court of Common Pleas.  All other motions are, thus, **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 19th day of January 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE